UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AKECHETA MORNINGSTAR,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | CASE NO. 2:25-cv-628-JNW<br><br>ORDER |

## 1. INTRODUCTION

Plaintiff Akecheta Morningstar, proceeding pro se, sues Defendant Amazon.com Services LLC for breach of contract and racketeering. Amazon moves to dismiss Morningstar's second amended complaint. Dkt. No. 31. This is Amazon's renewed motion following Morningstar's amendments to cure deficiencies Amazon identified in earlier motions. Morningstar opposes, Dkt. No. 34, and asks in two separate filings for leave to amend a third time, Dkt. Nos. 39, 41. For the reasons below, Amazon's motion is GRANTED and Morningstar's requests for leave to amend are DENIED. This case is dismissed with prejudice.

ORDER - 1

## 2.  BACKGROUND

### 2.1   Factual background underlying Morningstar's claims.

Morningstar is an independent author who used Amazon's Kindle Direct Publishing ("KDP") program to self-publish and sell his works on Amazon's Kindle Store. Dkt. No. 32, Eugide Matondo Decl ("Matondo Decl.") ¶ 3. Through the KDP, authors can also sell physical copies of their works. *Id*. Amazon previously offered this service through a separate program called CreateSpace, which merged with KDP in 2018. *Id*.

The following facts are taken from Amazon's motion to dismiss and are not disputed. In 2014, Morningstar signed up for a CreateSpace account. Matondo Decl. ¶ 3. Amazon contends that Morningstar could not have signed up for the account without clicking an "Agree" button which confirmed that he accepted the CreateSpace Services Agreement ("CreateSpace Terms"). *Id*. The CreateSpace Terms contained a mandatory arbitration provision. *Id*. ¶ 4. Amazon updated its CreateSpace Terms agreements from time to time, and each version of the Terms included a mandatory arbitration provision, including the final version published in 2018. *Id*. In 2018, Amazon informed CreateSpace users that CreateSpace would merge with KDP. *Id*. On December 6, 2018, Morningstar created a KDP account. *Id*. ¶ 5. KDP account registration requires users to agree to the KDP Terms. *Id*. Amazon contends that Morningstar could not have created his KDP account without clicking "Agree" to the KDP Terms. *Id*. ¶ 3. The KDP Terms that Morningstar agreed to on December 6, 2018, would have included a mandatory arbitration provision. Dkt. No. 31 at 8. The provision read "[a]ny dispute or claim relating in

ORDER - 2

any way to this Agreement or KDP will be resolved by binding arbitration, rather than in court." *Id*. The provision goes on to read that the arbitration will be conducted by the American Arbitration Association (AAA) under its rules. *Id*. Amazon contends that Morningstar merged his CreateSpace account with his KDP account on January 29, 2019. *Id*. ¶ 8. Amazon further contends that Morningstar created a second KDP account on September 14, 2019, where he again went through the process of clicking "Agree" to the KDP Terms, which included an identical arbitration provision. *Id*.

## 2.2    Procedural history.

In 2023, Morningstar sued Amazon in the Southern District of Mississippi alleging copyright infringement, fraud, and breach of contract. *Morningstar v. Amazon.com*, No. 3:23-CV-285-TSL-RPM, 2023 WL 4380047, at *1 (S.D. Miss. June 16, 2023). Amazon moved to compel arbitration. The court granted Amazon's motion and dismissed Morningstar's claims. *Id*. at *3. The Court concluded that:

> [T]he record evidence establishes that there are valid agreements to arbitrate between Amazon/CreateSpace and plaintiff and that the dispute at issue herein is within the scope of the arbitration agreements. Further, plaintiff has presented no evidence showing that arbitration of the dispute is foreclosed by legal constraints external to the parties' agreement.

*Id*. The Fifth Circuit affirmed, characterizing Morningstar's appeal as "frivolous." *Morningstar v. Amazon.com*, No. 23-60367, 2023 WL 7649038, at *1 (5th Cir. 2023).

In late 2023, after Morningstar's loss in federal court, he finally agreed to arbitrate his claims with Amazon. Dkt. No. 30 at 2. Morningstar initiated

ORDER - 3

an arbitration suit at the AAA for claims of fraud, breach of contract, copyright infringement, and unjust enrichment. *Id.* He claims that he "inundated" the tribunal with discovery, while Amazon offered no "credible evidence." *Id.* Morningstar alleges that the arbitration process "did not follow protocol" by cancelling or delaying hearings, overbilling, displaying bias and unprofessionalism toward Morningstar, and closing his case after he was unable to pay his fees. *Id.* Amazon contends that the AAA suspended his case for nonpayment in March 2025, after Morningstar refused to comply with his obligations under the AAA rules to pay his remaining portion of the arbitration deposit. Dkt. No. 31 at 10.

On April 1, 2025, Morningstar sued Amazon in this district. Dkt. No. 1. Morningstar's SAC alleges claims for breach of contract and criminal racketeering under 18 U.S.C. § 1962. His breach of contract claim centers on the theory that the Arbitrator violated Rule 18(a) of the AAA Rules which demands impartiality and independence because "Amazon us[ed] their deep financial coffers to sway the Arbitrator's actions in their favor." Dkt. No. 30 at 4. Morningstar claims this collusion between Amazon and the AAA violates 18 U.S.C. § 1962 because the arbitrator's "disdain" toward Morningstar and her refusal to grant his motion for summary judgment must have meant that "she had to have been on Amazon's payroll." *Id.* at 5–6.

On January 5, 2026, Morningstar filed a Memorandum that the Court construes as a third request for leave to amend. Dkt. No. 39. Morningstar concedes that his prior arguments were "conclusory on [their] face," and he

ORDER - 4

now seeks to link Amazon to the alleged AAA and arbitrator violations through a "ratification [a]nd benefitting" theory. *Id.* at 2. He did not attach a proposed amended complaint to this filing. Amazon opposed. Dkt. No. 40.

On January 22, 2026, Morningstar filed a formal motion for leave to amend, this time attaching a proposed Third Amended Complaint ("proposed TAC"). The Proposed TAC asserts the same two claims—breach of contract and RICO—but attempts to articulate new theories of liability, including breach of the implied covenant of good faith and fair dealing, and liability through "ratification and acceptance of benefits derived from procedurally unfair arbitration practices." Dkt. No. 41-1 at 8.

Morningstar also moved to withdraw his motion to moot Defendant's reply, Dkt. No. 37, which he filed in error. Dkt. No. 38. That motion is GRANTED.

## 3.  DISCUSSION

### 3.1    Morningstar is collaterally estopped from re-litigating his claims subject to the arbitration agreement.

Amazon argues that Morningstar's claims were already litigated in a separate proceeding in Mississippi federal court in *Morningstar v. Amazon.com*, No. 3:23-CV-285-TSL-RPM, 2023 WL 4380047, at *1 (S.D. Miss. June 16, 2023) ("Mississippi Action") and that he is thus collaterally estopped from re-litigating the same issues here.

Collateral estoppel prevents litigants from re-litigating issues of fact or law that were previously "litigated and determined by a valid and final judgment, and

ORDER - 5

the determination is essential to the judgment." *Amadeo v. Principal Mutual Life Insurance Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Collateral estoppel applies when the following factors are satisfied: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)) (looking to the record to determine if an issue had been raised, contested and submitted for determination).

The Court finds all four factors satisfied. First, the issue at stake—whether Morningstar's disputes with Amazon must be arbitrated—is identical in both proceedings. Second, this issue was actually litigated and decided when the Mississippi court granted Amazon's motion to compel arbitration. Third, Morningstar had a full and fair opportunity to litigate, as shown by his opposition to the motion and subsequent appeal to the Fifth Circuit. Fourth, the arbitration determination was necessary to the Mississippi court's dismissal. The Fifth Circuit's characterization of Morningstar's appeal as "frivolous" underscores that he has no viable challenge to these determinations.

The Mississippi Action involved claims by Morningstar against Amazon for copyright infringement, fraud, and breach of contract for reprinting and distributing his works. 2023 WL 4380047, at *1. Here, Morningstar reasserts his breach of contract claim. Dkt. No. 30 at 4. He argues that Amazon violated his "enforceable arbitration agreement" by violating Rule 18 of the AAA which requires arbitrators

ORDER - 6

to be impartial and independent. He attempts to refashion his breach of contract claim by embedding within it a racketeering claim. *Id.* at 5. He alleges that Amazon and the AAA breached the contract by engaging in criminal racketeering during the arbitration proceedings in 2024. Although these events occurred after his complaint was filed in the Mississippi Action, the gravamen of Morningstar's suit against Amazon is an attempt to reassert his underlying breach of contract claims against Amazon, which the Mississippi court already ordered to arbitration. *Id.* Morningstar's claims are therefore barred by collateral estoppel.

**3.2    Failure to state a claim.**

Even setting aside collateral estoppel, Morningstar's claims fail to state a claim upon which relief can be granted. The Court is mindful that "pleadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and that a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But even under this lenient standard, Morningstar's claims are deficient.

To state a claim for breach of contract under Washington law, a plaintiff must allege the contract imposes a duty, the duty was breached, and the breach proximately caused damage to the plaintiff. *C 1031 Props., Inc. v. First Am. Title Ins. Co.*, 301 P.3d 500, 503 (Wash. Ct. App. 2013).

Morningstar relies on AAA Rule 18, which requires arbitrators to be "impartial and independent." But this rule imposes duties on the arbitrator, not

ORDER - 7

Amazon. Morningstar has identified no contractual duty Amazon owed that was allegedly breached. His theory that Amazon used its "deep financial coffers to sway the Arbitrator's actions in [its] favor" is entirely conclusory and unsupported by any factual allegations. Dkt. No. 30 at 4.

Morningstar's RICO claim fares no better. To state a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). Morningstar alleges none of these elements with the specificity required by Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). His claim that the arbitrator "had to have been on Amazon's payroll" because she treated him with "disdain" is precisely the sort of conclusory assertion that *Iqbal* and *Twombly* hold insufficient. Dkt. No. 30 at 6.

### 3.3    Leave to amend.

Morningstar's requests for leave to file a third amended complaint, Dkt. No. 39, 41, are denied on procedural and substantive grounds. Procedurally, LCR 15(a) requires a party seeking leave to amend to attach a proposed amended pleading indicating how it differs from the prior version. In his Memorandum, Dkt. No. 39, Morningstar attached nothing. In his motion, Dkt. No. 41, he attached a proposed amended pleading but failed to indicate how his pleading differed from his original pleading. Morningstar's pro se status does not excuse this deficiency. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se

ORDER - 8

litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.").

Substantively, amendment would be futile. Morningstar has now filed four pleadings, including three amended complaints, yet has not cured the fundamental deficiencies Amazon identified. His Memorandum concedes his prior theory was "conclusory on its face." Dkt. No. 39 at 2. The "ratification [a]nd benefitting" theory that Morningstar alleges in the Proposed Third Amended complaint, Dkt. No. 41-1, still largely focuses on the conduct of the AAA and arbitrator, not Amazon, and remains the sort of conclusory speculation that cannot satisfy *Twombly* and *Iqbal*. And Amazon's mere participation in the arbitration process is not evidence of its engagement in a ratification and benefiting scheme with the AAA and arbitrator. *Id.* at 7–8. No amendment can overcome the collateral estoppel bar.

Accordingly, the Court's dismissal is with prejudice. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

## 4.  CONCLUSION

In sum, the Court orders as follows:

1.  Amazon's motion to dismiss is GRANTED. Dkt. No. 31.

2.  Morningstar's request for leave to file a third amended complaint, Dkt. No. 39, is DENIED.

3.  Morningstar's motion for leave to file a third amended complaint, Dkt. No. 41, is DENIED.

ORDER - 9

4. Morningstar's motion to moot and strike, Dkt. No. 38, is GRANTED.

5. This case is DISMISSED with prejudice.

Dated this 26th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 10